FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 JUN -7 PM 4: 19
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR 112-063 |
| ) | |
| WALTER IVEY ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Walter Ivey is before the Court charged with one count of Threats in Interstate Communication, in violation of 18 U.S.C. § 875(c). (Doc. no. 1, Indictment.) On February 16, 2012, defense counsel moved to have a mental evaluation performed on Defendant, and on that same day, the Court ordered that Defendant be placed in a facility to be designated by the United States Bureau of Prisons to undergo a mental examination (doc. no. 8). Dr. Dana Brauman, a licensed forensic psychologist, prepared an extensive forensic report providing specific details about all aspects of the forensic evaluation conducted at the Metropolitan Correctional Center ("MCC") in New York, New York. Dr. Brauman's report was provided to the Court and to counsel for both the government and for Defendant. (Doc. no. 24, filed under seal on May 21, 2012.) The Court then set the matter down for a hearing on June 4, 2012.

## I. THE HEARING

Dr. Brauman testified for the government at the June 4, 2012 hearing. Upon presentation of her credentials and without objection from the defense, the Court accepted Dr. Brauman as an expert. Dr. Brauman then provided extensive testimony, subject to cross-examination by defense counsel, concerning the findings in her forensic report. After approximately one and a half months of observation, evaluation, and testing of Defendant at MCC, Dr. Brauman opined in her forensic report that Defendant "is currently Competent to Stand Trial." (Doc. no. 24, p. 14.) More particularly, Dr. Brauman stated,

1. Regarding the issue of Mental Disease or Defect, [Defendant] currently meets the criteria for a mental disease under the law, specifically Posttraumatic Stress Disorder (PTSD). [Defendant] does not present with a mental defect.

2. Regarding the issue of Competency to Stand Trial, it is the opinion of this evaluator [Defendant] currently possesses a rational and factual understanding of the proceedings against him, has the capacity to assist legal counsel in his defense, and can adequately make decisions regarding his legal strategy. Therefore, it is the opinion of this evaluator, Mr. Ivey is currently Competent to Stand Trial.

3. Mr. Ivey will require ongoing psychiatric care due to his medication regimen. He would also benefit from psychological counseling in regard to his PTSD symptoms and maladaptive reliance on alcohol and opioids for self-medication. Treatment should address the development of adequate coping mechanisms, anger management, and substance use relapse prevention. Due to his aggressive impulses and verbal threats against others, he may require a formal risk assessment prior to release into the community to determine if any threat continues to exist.

(Id. at 13-14.)

Although the defense did cross-examine Dr. Brauman, no evidence was offered by the defense to contradict Dr. Brauman's finding of competency.

2

## II. ANALYSIS

The issue before the Court is whether Defendant is competent to stand trial, even though the scope of the Court's Order for a psychiatric examination was much broader.[1] Title 18 U.S.C. § 4241 provides the standard for determining competency and the consequences for a finding of competency. In pertinent part, the Code section provides:

> **(d) Determination and disposition.**--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d).

On numerous occasions, the Supreme Court has recognized that "the criminal trial of an incompetent defendant violates due process." Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (citing Medina v. California, 505 U.S. 437, 453 (1992); Drope v. Missouri, 420 U.S. 162, 171-72 (1975); Pate v. Robinson, 383 U.S. 375, 378 (1966)). The Eleventh Circuit has suggested a two-part analysis to evaluate competency to stand trial: "(1) determination of whether the defendant suffered from a 'clinically recognized disorder,' and, (2) if so, whether the disorder caused the defendant to be incompetent." James v. Singletary, 995 F.2d 187, 188 (11th Cir. 1993) (*per curiam*) (citing Bundy v. Dugger, 850 F.2d 1402, 1408 (11th Cir. 1988)). As to the second prong of the test, a defendant is considered competent to stand trial

---

[1] The Court is aware that Defendant filed a Notice of Intent to Rely on the Defense of Insanity. (Doc. no. 12.) The Court is also aware that defense counsel stated at the June 4th hearing that he is considering his options with respect on how to proceed concerning the issue of sanity/insanity at the time of the events charged in the indictment in this case. This Report and Recommendation deals solely with the issue of competency to stand trial.

3

if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and . . . a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (*per curiam*); see also United States v. Nickels, 324 F.3d 1250, 1252 (11th Cir. 2003) (*per curiam*) (recognizing Dusky competency standard). Here, viewing the information in Dr. Brauman's report in light of the above standards, and recognizing that Defendant did not offer any evidence of his own at the hearing - let alone evidence to contradict Dr. Brauman's conclusions - there is no reason to doubt Dr. Brauman's recommendation that Defendant should be found competent to stand trial.

Therefore, based on the evidence adduced at the hearing, including Dr. Brauman's forensic report and testimony, the Court **FINDS** by a preponderance of the evidence that Defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; Defendant also has a rational, as well as factual, understanding of the proceedings against him.

### III. CONCLUSION

Based on the testimony at the June 4, 2012 hearing and the conclusions in Dr. Brauman's forensic report, the Court **REPORTS** and **RECOMMENDS** that Defendant be found competent to stand trial pursuant to 18 U.S.C. § 4241.

SO REPORTED and RECOMMENDED this 7th day of June, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4